IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Metropolitan Property and            Case No. 3:09CV610
    Casualty Ins. Co.,

          Plaintiff

v.            ORDER

Jarred Hageman, et al.,

          Defendant

This is a declaratory judgment action arising from a motor vehicle accident. The plaintiff, Metropolitan Property and Casualty Insurance Company, seeks a declaration as to whether it owes a duty to defend and indemnify a claim against an insured on a homeowner's policy. Pending are counter-motions for summary judgment. [Docs. 18, 19].

For the reasons that follow, the insurer's motion shall be granted and the insured's motion denied.

**Background**

Metropolitan issued a homeowner's policy to Mark Hageman. On February 15, 2008, Mark's son Jarred was a passenger in a pickup truck being driving by one Jorkos. The trailer was owned by a company which was a subsidiary of a company in which Mark Hageman is a Vice President. He authorized Jarred's use of the truck.

A trailer, carrying a car, was attached to the pickup truck. The trailer became separated from the pickup truck, went left of center and collided with an oncoming vehicle. The occupants of the vehicle sued Jarred and Jorkos in state court. Jarred demanded coverage under the homeowner's policy his father Mark had obtained from plaintiff Metropolitan.

Metropolitan has been defending under a reservation of rights.[1] In this declaratory judgment action it contends that it owes no duty to Jarred or Mark to defend or indemnify a judgment.

The Metropolitan policy contained an exclusion, which, Metropolitan contends, relieves it of any obligations that otherwise might arise under the policy:

> We do not cover bodily injury or property damage arising out of:
>
> A. The ownership, maintenance, occupancy, *operation, use*, loading or unloading of a . . . trailer . . . operated by or rented or loaned to you; . . .

Though Mark Hageman authorized his son and Jorkos to use the trailer, neither he nor they owned the trailer. In his capacity as a corporate employee, Mark, in effect, borrowed the trailer from its registered owner and then, in turn, loaned it to his son and Jorkos. This clause excluded coverage under this circumstance.

Defendants point, however, to another provision in the policy, which they contend must be read to provide coverage. Under the provision captioned "Motorized Land Vehicles," the policy states:

> Coverage is extended for bodily injury and property damage arising out of:
>
> a. a . . . . trailer in dead storage on the insured premises;
>
> * * * * *

---

[1] Metropolitan also is providing a defense under an automobile policy issued to Mark. That policy is not at issue in this case.

    c. A trailer while not being towed or carried by a motor vehicle; . . . .

 The defendants contend that, at the moment of impact with the oncoming vehicle, the trailer was not "in tow," because had separated from the pickup truck.

 I disagree with the defendants' reading of Subsection c. Although, at the instant of impact, and for a brief period of time immediately before, the trailer was not attached to and following the pickup truck, it was where it was because it was "in tow" up to the moment of separation. Jarred and Jorkos can be presumed to have wanted it to remain attached and under their control. The fact that it became detached was not part of the plan.

 This is a common sense reading of this *homeowner's* policy. The parties contemplated coverage where a trailer was stationary – whether in "dead storage," as provided by Subsection a, or otherwise when not being moved either in tow or being carried by a motor vehicle, as provided by Subsection c. Trailers in motion – and a trailer can only move if being pulled or carried – are not covered.

 The only other court that appears to have considered similar circumstances and policy language agrees with my analysis. In *White v. American Deposit Insurance Co.*, (1999), 732 So.2d 675 (La. App. 1999), the plaintiff was struck by a boat and trailer when they became detached from a vehicle while in tow. The owner of the boat and trailer had a homeowner's policy. The insurer argued that the policy on the basis of a specific exclusion for damages arising out of the use of a motor vehicle. Affirming summary judgment for the insurer, the court stated:

> the State Farm homeowner's policy was intended to exclude a boat and trailer in tow. The fact that the boat and trailer became detached and crossed the median into the path of [plaintiff] does not render the boat "not in tow" for purposes of taking it out of the exclusion.

*Id*. at 676.

3

In this case, the bodily injury claims in the underlying tort action likewise arise out of operation and use of a trailer loaned to the insured. The trailer was not stationary – it was underway towards its destination. It was "in tow" even when moving with its own momentum after the separation. It was able to keep going only because of the movement of the pickup truck had propelled it while the trailer was still attached.

It is, therefore,

ORDERED THAT plaintiff's motion for summary judgment (Doc. 18) be, and the same hereby is granted, and the defendants' motion for summary judgment (Doc. 19) be, and the same hereby is denied.

So ordered.

s/James G. Carr
James G. Carr
Chief Judge